# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

GARY A. LAX,

      Plaintiff,

    v.

CITY OF ATLANTIC CITY; THOMAS
MONAHAN, ESQ.; CHRISTOPHER
KHATAMI, ESQ.; and GILMORE &
MONAHAN, P.A.,

      Defendants.

1:19-cv-7043-NLH-AMD

**OPINION**

---

**APPEARANCES:**

CHERYL L. COOPER
LAW OFFICES OF CHERYL L. COOPER
342 EGG HARBOR ROAD, SUITE A-1
SEWELL, NEW JERSEY 08080

    *Attorneys for Plaintiff.*

JESSICA ALI MAIER
MCMANIMON, SCOTLAND & BAUMAN, LLC
75 LIVINGSTON AVENUE, SUITE 201
ROSELAND, NEW JERSEY 07068

RICHARD D. TRENK
MCMANIMON, SCOTLAND & BAUMAN, LLC
75 LIVINGSTON AVENUE, SUITE 201
ROSELAND, NEW JERSEY 07068

    *Attorneys for Defendant City of Atlantic City.*

JENNIFER ANN GUIDEA
GORDON REES LLP
18 COLUMBIA TURNPIKE
FLORHAM PARK, NJ 07932

    *Attorneys for Defendants Thomas E. Monahan, Esq.; Gilmore &
    Monahan, P.A.; and Christopher Khatami, Esq.*

**HILLMAN**, District Judge

    This action[1] comes before the Court on motions by all parties:

    (1)  Defendants Thomas E. Monahan, Esq.; Christopher Khatami, Esq.; and Gilmore & Monahan, P.A.'s (the "Gilmore Defendants") motion to dismiss Plaintiff Gary A. Lax's ("Plaintiff") complaint (ECF No. 9);

    (2)  Plaintiff's cross-motion for leave to file an amended complaint (ECF No. 13); and

    (3)  Defendant City of Atlantic City's ("Atlantic City") unopposed motion to vacate the Clerk's entry of default (ECF No. 19).

    For the reasons discussed below, this Court will grant the Gilmore Defendants' motion to dismiss; will deny as futile Plaintiff's cross-motion for leave to file an amended complaint; and will deny as moot Atlantic City's motion to vacate the entry of default.[2]

---

[1] This action is related to another action, Docket No. 19-cv-7036, filed by Michael J. Lax, arising out of the same events at issue here and naming these same Defendants (the "7036 Action"). The 7036 Action presents nearly identical pleadings and motions as are presented here, replacing Plaintiff Gary Lax with plaintiff Michael Lax. The Court will address the 7036 Action by way of separate Opinion and Order but notes the near identical nature of these actions.

[2] The Court refers collectively to all defendants herein as "Defendants[.]"

## BACKGROUND

We take our recitation of the facts from Plaintiff's complaint.

Plaintiff's action emanates from his involvement in related litigation before this Court, <u>City of Atlantic City v. Zemurray St. Capital, LLC</u>, No. 14-cv-5169 ("Zemurray").[3] <u>See</u> (ECF No. 1 ("Comp.") at ¶¶8-15). Plaintiff alleges that the Gilmore Defendants were retained to represent Atlantic City in the Zemurray action and "without doing any due diligence and/or investigation into what involvement, if any, Gary A. Lax had in the allegations that made up the [Zemurray] case[,]" named Plaintiff as a defendant in that action. (Comp. at ¶¶12-14). As a result, Plaintiff was "forced to retain counsel and defend the baseless allegations made" against him. (Comp. at ¶15). Plaintiff alleges that he was deposed in Zemurray and "there was no information or facts [elicited] linking him in any way to the litigation[.]" (Comp. at ¶20). Nonetheless, the "Gilmore Defendants refused to dismiss Plaintiff from the case[.]" (Comp. at ¶20). According to Plaintiff, in Zemurray, Judge

---

[3] Plaintiff does not explain or otherwise plead which portions of the Zemurray action are particularly relevant to the present litigation. Moreover, because the Court writes primarily for the benefit of the parties, and because all parties were involved in the Zemurray action, the full facts underlying the Zemurray action will not be discussed.

Robert B. Kugler, U.S.D.J. "indicated on-the-record that there was no basis to even name Gary A. Lax as a defendant, and despite" such indications, Defendants "refused to sign a stipulation of dismissal to remove [Plaintiff] from the case." (Comp. at ¶25). All of this, Plaintiff alleges, caused him harm in various ways.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[4]

### II. Legal Standard

Despite Plaintiff's suggestion otherwise, the present motion to dismiss is governed by the Federal Rules of Civil Procedure, not the New Jersey Rules of Civil Procedure. See Fed. R. Civ. P. 81(c)(1) (explaining that the federal rules of civil procedure "apply to a civil action after it is removed from a state court").

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court

---

[4] While Plaintiff's complaint does not adequately plead the citizenship of any party, the parties have executed a Joint Certification of Citizenship representing that complete diversity exists. See (ECF No. 17).

must accept all well-pleaded allegations in the complaint as
true and view them in the light most favorable to the plaintiff.
Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well
settled that a pleading is sufficient if it contains "a short
and plain statement of the claim showing that the pleader is
entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations, a
plaintiff's obligation to provide the 'grounds' of his
'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do . . . ."  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007) (alteration in original)
(citations omitted) (first citing Conley v. Gibson, 355 U.S. 41,
47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.,
40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v.
Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a
> court must take three steps.  First, the court must
> "tak[e] note of the elements a plaintiff must plead to
> state a claim."  Second, the court should identify
> allegations that, "because they are no more than
> conclusions, are not entitled to the assumption of
> truth."  Third, "whe[n] there are well-pleaded factual
> allegations, a court should assume their veracity and
> then determine whether they plausibly give rise to an
> entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations

in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

## ANALYSIS

### I.   The Gilmore Defendants' Motion To Dismiss

Plaintiff's complaint contains five counts, each of which will be addressed in turn.

#### A. Count One: Malicious Use of Process

Under New Jersey law, a malicious use of process claim requires Plaintiff to plead and prove five elements: (1) a civil action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; (4) the action was terminated favorably to the plaintiff; and (5) the plaintiff has suffered a special grievance caused by the institution of the underlying civil claim.  LoBiondo v. Schwartz, 970 A.2d 1007, 1022-23 (N.J. 2009) (citing Mayflower Indus. v. Thor Corp., 83 A.2d 246 (N.J. Super. Ct. Ch. Div. 1951), aff'd, 89 A.2d 242 (N.J. 1952)).

The Gilmore Defendants argue that: (1) Plaintiff has not alleged a special grievance, (2) Plaintiff has not alleged that the Gilmore Defendants acted with malice, and (3) Plaintiff has not alleged that the Gilmore Defendants acted without probable cause.  Plaintiff generally contradicts each of these assertions.

Because the Court finds that Plaintiff has not pled a special grievance, Plaintiff's malicious use of process claim will be dismissed.[5]

1. Plaintiff Does Not Adequately Plead a Special Grievance

"Since there is no deprivation of liberty when a civil complaint is filed, 'the minimal impact of the commencement of civil litigation is insufficient for recovery without the additional showing of a special grievance.'" Druz v. Noto, No. 09-cv-5040, 2010 WL 2179550, at *9 (D.N.J. May 28, 2010), aff'd, 415 F. App'x 444 (3d Cir. 2011) (quoting Component Hardware Group v. Trine Rolled Moulding Corp., No. 05-cv-891, 2007 U.S. Dist. LEXIS 54900, *16-17 (D.N.J. July 27, 2007)). "A special grievance 'consists of an interference with one's liberty or property and includes events such as the filing of a bankruptcy petition, granting an injunction, filing a *lis pendens* or wrongful interference with the possession or enjoyment of property.'" Id. (quoting Component Hardware Group, 2007 U.S. Dist. LEXIS 54900 at *17).

Plaintiff fails to plead any facts relating to a special grievance. While Plaintiff attempts to cure its deficiency in

---

[5] The Court recognizes the Gilmore Defendants' other arguments in support of its motion but need not reach them as the Court finds Plaintiff's allegations legally deficient on other grounds.

its brief in opposition to the Gilmore Defendants' motion, suggesting for the first time that Plaintiff was forced to "hire criminal counsel at a significant expenses [sic], and [endure] years of scrutiny by the FBI in his business and personal records" and that such harms "qualify as a 'special grievance[,]'" such allegations do not appear in the complaint. See (ECF No. 13-5 ("Pl. Br.") at 8). The law is clear that it is the complaint, not Plaintiff's briefing in opposition to the motion to dismiss, that must be analyzed for pleading sufficiency. Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007) (quoting Commw. of Pa. ex rel Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)) ("the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Because Plaintiff has not pled facts suggesting he suffered a special grievance, the malicious use of process claim must be dismissed.

### B. Count Two: Malicious Prosecution

The Gilmore Defendants argue that a malicious prosecution claim seeks remedy for "harm caused by the institution or continuation of a criminal action that is baseless[,]" and because the Zemurray action was not criminal in nature, Plaintiff's claim must fail as a matter of law. (ECF No. 9-1

("Def. Br.") at 5-6).  The Gilmore Defendants submit that the
civil analogue of a malicious prosecution claim is a malicious
use of process claim.  (Def. Br. at 6).  Plaintiff appears to
agree that where it is a civil action as opposed to a criminal
action underlying the cause of action, the proper cause of
action is one for malicious use of process.  <u>See</u> (Pl. Br. at 5)
("[t]he tort of Malicious Prosecution based upon a Prior Civil
Proceeding is also sometimes referred to as Malicious Use of
Process.").

     The law quite clearly supports the Gilmore Defendants'
position.  "Malicious prosecution provides a remedy for harm
caused by the institution or continuation of a criminal action
that is baseless."  <u>LoBiondo v. Schwartz</u>, 970 A.2d at 1022
(citing <u>Earl v. Winne</u>, 101 A.2d 535 (N.J. 1953)).  "Malicious
use of process is essentially the analog used when the offending
action in question is civil rather than criminal."  <u>Id.</u> (citing
<u>Penwag Prop. Co. v. Landau</u>, 388 A.2d 1265 (N.J. 1978)).  As the
New Jersey Supreme Court has held, "[a]lthough these causes of
action have much in common, there are significant differences
between them."  <u>Id.</u>

     Malicious prosecution requires Plaintiff to prove four
elements, the first of which is that "a criminal action was
instituted by this defendant against this plaintiff."  <u>Id.</u> at

1023 (citing <u>Lind v. Schmid</u>, 337 A.2d 365 (N.J. 1975)).

Plaintiff has not alleged any misuse of criminal process or that

a criminal action was instituted by any Defendant against him.

The Zemurray action is unquestionably civil in nature.  As such,

Plaintiff's malicious prosecution claim must be dismissed.

### C. Count Three: Negligence

A negligence cause of action contains four elements.

Plaintiff must plead Defendants owed him (1) a duty of care, (2)

that they breached that duty, (3) that such breach proximately

caused harm, and (4) that he suffered actual damages.  <u>See</u>

<u>Campbell Soup Supply Co. LLC v. Protenergy Nat. Foods Corp.</u>, No.

16-cv-684, 2016 WL 7104840, at *2 (D.N.J. Dec. 5, 2016)

(Hillman, J.) (citing <u>Weinberg v. Dinger</u>, 524 A.2d 366, 373

(N.J. 1987)).

In this action, Plaintiff alleges:

> (1)  that the Gilmore Defendants are attorneys,
>
> (2)  that they "are required to use the degree of
>      care, precaution, and vigilance that a
>      reasonable attorney would use under the same
>      or similar circumstances in making
>      allegations in the amended complaints that
>      were filed under Docket No. 14-CV-5169 in
>      New Jersey District Court[,]"
>
> (3)  that the "Gilmore Defendants owed a duty of
>      care to Gary A. Lax in pleading and
>      maintaining only fully vetted facts and
>      allegations against him[,]"  and
>
> (4)  by "pleading and prosecuting the allegations

11

> contained in the complaints under 14-CV-5169" the Gilmore Defendants breached their purported duty of care to Plaintiff.

(Comp. at Count Three, ¶¶1-7).[6]

Plaintiff clarifies the claims through his briefing, arguing that because "all attorneys have a duty and obligation to abide by the Rules of Professional Responsibility[,]" the Gilmore Defendants "owed him a duty to act within the Rules of Court." (Pl. Br. at 11). Plaintiff further argues that the Gilmore Defendants "breached that duty[,]" causing him harm. (Pl. Br. at 11). At its core, Plaintiff's negligence argument is that the Gilmore Defendants owed him a duty of care to comply with court rules and rules of professional conduct, and that by allegedly violating those rules, the Gilmore Defendants breached a duty owed to Plaintiff.

The Gilmore Defendants argue that they never owed Plaintiff such a duty. They are correct.

Plaintiff's contrived view of the law is not supported by any relevant authority; indeed, Plaintiff does not identify any source in support of his position. Instead, long-standing New Jersey precedent directly undercuts Plaintiff's theory. The New

---

[6] Because Plaintiff's complaint contains numerous paragraphs identified by the numbers one through seven, the Court will clarify throughout this Opinion as necessary to properly identify which paragraphs it is referencing.

Jersey Supreme court has found that "the assertion that an attorney has violated one of our . . . rules does not give rise to a[n independent] cause of action[.]" Green v. Morgan Properties, 73 A.3d 478, 494 (N.J. 2013) (citing Baxt v. Liloia, 714 A.2d 271 (N.J. 1998); see Brundage v. Estate of Carambio, 951 A.2d 947 (N.J. 2008) (reiterating that "[w]e have declined to create a new tort-based cause of action against an attorney based on a claim by an adversary of an asserted violation of our RPCs")).

This line of precedent unequivocally undermines Plaintiff's legal theory of liability and supports the Gilmore Defendants' position that it owed no duty to Plaintiff stemming from its obligations to the Court to follow court rules. Plaintiff's factual allegations, even accepted as true, fail to state a legally cognizable claim for negligence. As such, Plaintiff's negligence claim must be dismissed.

### D. Count Four: Negligent Infliction of Emotional Distress

"In order to establish a claim for negligent infliction of emotional distress under New Jersey law, 'a plaintiff must prove that defendant's conduct was negligent and proximately caused plaintiff's injuries.'" Veggian v. Camden Bd. of Educ., 600 F. Supp. 2d 615, 629 (D.N.J. 2009) (Hillman, J.) (quoting Williamson v. Waldman, 696 A.2d 14, 17-18 (N.J. 1997)).

"Determining defendant's negligence 'depends on whether defendant owed a duty of care to the plaintiff[.]'" Id. (quoting Williamson, 696 A.2d at 17-18).

Plaintiff alleges that the Gilmore Defendants owed him the same duty discussed previously: "Defendants had a duty to the Plaintiff, in that they are attorneys who are bound to follow and abide by the rules of court." (Pl. Br. at 12). For the same reasons discussed above, Plaintiff has not shown that the Gilmore Defendants owed Plaintiff any such duty. Plaintiff's negligent infliction of emotional distress claim suffers from the same fatal flaw as his negligence claim and must be dismissed.

### E. Count Five: Respondeat Superior

Under respondeat superior, "an employer is responsible for the negligence of its employees that occurs within the course and scope of their employment. The employer's liability is vicarious and secondary to that of the employee, which is primary." Williams v. Rene, 72 F.3d 1096, 1099 (3d Cir. 1995). The theory has been explained as "'[t]he person primarily liable is the employee or agent who committed the tort, and the employer or principal may recover indemnity from him for the damages which he [the employer] has been obliged to pay.'" Id. (quoting Sochanski v. Sears, Roebuck & Co., 689 F.2d 45, 50 (3d

Cir. 1982); Tromza v. Tecumseh Prods. Co., 378 F.2d 601, 605 (3d Cir. 1967)).

Here, Plaintiff alleges that Atlantic City is liable for the actions of its alleged agents, the Gilmore Defendants. Plaintiff does not address or otherwise clarify this claim in his briefing.

While Atlantic City has not moved to dismiss Plaintiff's complaint, because Plaintiff's claims against the Gilmore Defendants fail, so too must Plaintiff's vicarious liability claims against Atlantic City.[7]

## II. Plaintiff's Cross-Motion For Leave To Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Our Local Civil Rules expand upon the rules governing motions for leave to amend. Particularly, Rule 15.1 requires a party who seeks leave to amend a pleading to do so by motion,

---

[7] District courts may dismiss claims that do not state causes of action sua sponte. See Bintliff-Ritchie v. American Reinsurance Company, 285 Fed. App'x. 940, 943 (3d Cir. 2008) ("The District Court has the power to dismiss claims sua sponte under Rule 12(b)(6)"); Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980); Worster-Sims v. Tropicana Entertainment, Inc., 46 F. Supp. 3d 513, 517 (D.N.J. 2014).

which shall state whether such motion is opposed, and shall attach to the motion: (1) a copy of the proposed amended pleading; and (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added.

Plaintiff's motion fails to comply with Local Civil Rule 15.1. Plaintiff fails to submit a form of the proposed amended pleading identifying the differences between the initial filing and the proposed amended filing. Such a deficiency complicates this Court's review of the relevant documents and, in and of itself, is an error significant enough to warrant denial of Plaintiff's motion. Sammut v. Valenzano Winery LLC, No. 18-cv-16650, 2019 U.S. Dist. LEXIS 100598, *5, n.2 (D.N.J. June 17, 2019) (citing A.B. v. Vineland Bd. of Educ., No. 17-cv-11509, 2019 U.S. Dist. LEXIS 93126, at *5 (D.N.J. June 4, 2019)) (indicating that dismissal may be appropriate where a plaintiff "did not properly indicate how the Amended Complaint differs from her original one" as required by Local Civil Rule 15.1). Despite this procedural deficiency, the Court will address the merits of Plaintiff's motion.

"[A] refusal of a motion for leave to amend must be justified. Permissible justifications include: (1) undue delay;

(2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." <u>Riley v. Taylor</u>, 62 F.3d 86, 90 (3d Cir. 1995) (citation omitted).

The Court does not find there has been undue delay or bad faith, nor does the Court discern undue prejudice to Defendants. Plaintiff's proposed amended complaint, however, fails to cure the legal deficiencies outlined in this Opinion, and therefore, Plaintiff's motion to amend will be denied as futile.

1. <u>Plaintiff's Negligence-Based and Malicious Prosecution Claims</u>

In the proposed amended complaint, Plaintiff relies upon the same legal theories that this Court previously deemed legally deficient in support of his negligence-based and malicious prosecution claims. Namely, Plaintiff's proposed amended complaint does not amend his negligence theory, which this Court already found legally deficient. Furthermore, the proposed amended complaint does not allege that any criminal action was instituted against him by these Defendants, such being a prerequisite to a viable action for malicious prosecution. See <u>LoBiondo v. Schwartz</u>, 970 A.2d at 1023. As such, the Court will deny Plaintiff's motion for leave to amend as it relates to the negligence-based and malicious prosecution

counts, as the proposed amendments to those claims remain
legally deficient, rendering any amendment futile.

2. <u>Malicious Use of Process Claim</u>

As for Plaintiff's malicious use of process claim, the
proposed amended complaint alleges, in relevant part, as
follows:

> 17. As a result of the baseless lawsuit,
> [Plaintiff] was forced to retain counsel for the
> criminal investigation.

> 18. [Plaintiff] was forced to suffer extreme and
> severe mental anguish and emotional damages.

> . . . .

> 30. During the Rule 11 hearing, and at other
> times prior, the [Gilmore] Defendants represented that
> they "contacted the FBI" about the allegations
> contained in their complaints.

> . . . .

> 32. This forced [Plaintiff] to continue to incur
> even more counsel fees and costs in responding to and
> cross moving for summary judgment.

> 33. The acts . . . by the Defendants . . . forced
> Plaintiff to endure years of scrutiny by the FBI and
> other governmental agencies, to suffer extreme mental
> duress, and to incur enormous expense to respond to
> the criminal allegations.

> 34. The acts . . . by the Defendants . . . forced
> Plaintiff to lose multiple business opportunities
> outside of his law practice and caused injuries to
> Plaintiff in his law practice.

(ECF No. 13-2 at ¶¶17-18, 30, 32-34).  Plaintiff further alleges
that he suffered "special damages including, but not limited to,

loss of existing and prospective clients (banking and financial institutions) resulting in loss of revenue; loss of employment opportunities; loss of opportunity to work on existing client files; loss of opportunity to serve on [the] Board of Directors for financial institutions; and threats of criminal prosecution." (ECF No. 13-2 at ¶39). Plaintiff's allegations can be organized into two categories: financial or reputational injuries and "threats of criminal prosecution."

As for the former, New Jersey courts have routinely found that loss of business opportunities and loss of reputation do not constitute special grievances. See, e.g., Fielder Agency v. Eldan Constr. Corp., 377 A.2d 1220, 1223 (N.J. Super Ct. Law Div. 1977) (finding that "injury to a defendant's reputation for financial responsibility in the operation of its business" is not "such special damage sufficient to sustain a cause of action" for malicious prosecution or malicious use of process); Ackerman v. Lagano, 412 A.2d 1054 (N.J. Super. Ct. Law Div. 1979) (interference with medical practice and professional reputation insufficient to constitute a special grievance); Hassoun v. Cimmino, 126 F. Supp. 2d 353, 370 (D.N.J. 2000) ("insufficient are allegations of mental anguish or emotional distress arising from the prior complaints, or statements alleging a loss of reputation"). As such, to the extent

Plaintiff relies on loss of business opportunity and reputational harm as the basis for pleading special grievances and in seeking leave to amend the complaint, such pleadings are legally deficient and any amendment on that basis would be futile.

As for whether suffering threats of criminal prosecution constitute a special grievance, precedent from this District suggests it does not. In Druz v. Noto, No. 09-cv-5040, U.S. Dist. LEXIS 53348 (D.N.J. May 28, 2010), aff'd, 415 Fed. App'x. 444 (3d Cir. 2011), a court in this District was tasked with determining whether suffering an Office of Attorney Ethics investigation constituted a special grievance. In Druz, the plaintiff "alleges only that the OAE presented charges against him" and "following a multi-year investigation, a Special Master was appointed who, after conducting plenary hearings, issued a written decision dismissing all charges against Plaintiff, fully exonerating him." Id. at *31. The Druz court found that "[o]ther than the fact that the Plaintiff was forced to answer to the charges, he does not allege any adverse consequence as a result of the OAE proceeding." Id. at *32. The Druz court determined that such allegations would not constitute a special grievance. Id.

Like the plaintiff in <u>Druz</u>, Plaintiff does not allege that he suffered any special harm other than being forced to "respond to the criminal allegations." (ECF No. 13-2 at ¶33). Guided by <u>Druz</u>, such allegations are insufficient to establish a special grievance. As such, Plaintiff's motion for leave to amend this count will be denied as futile.

3. <u>Respondeat Superior Claim</u>

Plaintiff's proposed amended complaint does not meaningfully alter his respondeat superior theory. Plaintiff continues to argue that "Atlantic City is liable for the acts . . . of the [Gilmore Defendants] who were acting as its agent." (ECF No. 13-2 at ¶70). As explained above, an employer's liability is vicarious and secondary to that of the agent, which is primary. <u>Williams v. Rene</u>, 72 F.3d at 1099. Because the Court finds that all allegations against the Gilmore Defendants must be dismissed, and that any amendment to those claims would be futile, Plaintiff's respondeat superior claim against Atlantic City must suffer a similar fate; Plaintiff's motion for leave to amend that claim will be denied.

### III.  Atlantic City's Motion to Vacate Default

Atlantic City moves to vacate the Clerk's entry of default entered against it.  (ECF No. 19).  Plaintiff has not opposed, and the time to do so has passed.  Because the Court will dismiss this action against all Defendants, with prejudice, Atlantic City's motion will be denied as moot.

### CONCLUSION

For the reasons expressed above, the Gilmore Defendants' motion to dismiss Plaintiff's complaint (ECF No. 9) will be granted; Plaintiff's cross-motion for leave to amend (ECF No. 13) will be denied as futile; and Atlantic City's unopposed motion to vacate the Clerk's entry of default (ECF No. 19) will be denied as moot.  The Court will _sua_ _sponte_ dismiss this action as against Atlantic City for the reasons stated above. As such, all claims against all Defendants have been fully resolved and the Clerk will be Ordered to close this matter.

An appropriate Order will follow.


Date:  December 26, 2019          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.